IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LINDA J. BRYAN,

      Plaintiff,                   11cv184

                                   **ELECTRONICALLY FILED**

      v.

SOCIAL SECURITY ADMINISTRATION,

      Defendant.

**MEMORANDUM ORDER DISMISSING PLAINTIFF'S COMPLAINTS IN CIVIL
ACTION NUMBERS 12-CV-184, 12-CV-185, 12-CV-186**

      Presently before for this Court are three civil cases filed by *Pro Se* Plaintiff Linda J.

Bryan[1] against the Social Security Administration, Department of Public Welfare, and "Internal

Revenue Service Taxes or death Federal Agency."  12-cv-184, 12-cv-185, 12-cv-186,

respectively.  The Complaints in these cases are titled as follows: "Objections for Discrimination

and Denial for Full Disability Benefits Under and By Social Security (A Federal Agency) of an

American Citizen in the United States of America"; "Petition for Discovery of the Department of

Public Welfare a Federally Controlled Agency?"; and "Petition for Discovery of Taxation and

the Money Trail of Pennsylvania, United States Citizens Connecting to the Department of Public

Welfare, Social Security Agency, the Public Education Systems and Others a Federally

Controlled Agency."  Id.

---

[1] Plaintiff previously filed a case before this Court against the Queen Mother, Elizabeth II, the Lawyers Guild of Great Britain, and "Any and all International Bankers" (among others) which was dismissed by this Court for failing to serve the Complaint and because it was frivolous.  10-cv-1259, Doc. No. 4.

Plaintiff's Complaints do not contain any legally cognizable causes of action against Defendants that may properly brought before this Court.  Instead, they seem to merely attempt to explain Plaintiff's "brain game" theory that God gave humans thinking and free choice.  Plaintiff elaborates that "WE ARE LOOKING FOR THE MURDERERS WORLD-WIDE Verbal/Physical."  (Doc. No. 1, 2, capitalization original).

In civil action 12-cv-184, Plaintiff seems to allege that she called Social Security to apply for "Full Disability Benefits even though [she] is fully aware [that] medically she does not have a disability. . . ."  Doc. No. 1, 2, ¶ 1.  The remainder of the Complaint details that on January 10, 2012, she was informed that she is ineligible for Social Security Disability.  Doc. No. 1, ¶ 2-5.  Plaintiff seeks an investigation of the Social Security Administration and "any attorney who wishes to oppose this investigation has the choice to back down or be disbarred and thrown into jail under common law for betrayal."  Doc. No. 1, ¶ 2.  To the extent that Plaintiff's Complaint is an appeal of her denial of Social Security benefits, the Court lacks jurisdiction at this time.  *See* Fed.R.Civ.P. 12(h)(3).  Plaintiff must exhaust any administrative remedies with the Social Security Administration before a civil lawsuit may be filed to pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking judicial review of the final decision of Commissioner.  According to Plaintiff's Complaint, there has been no final decision of the Social Security Administration and therefore, the Complaint in 12-cv-184 must be dismissed for lack of subject matter jurisdiction and the CASE CLOSED.

Plaintiff's Complaint is 12-cv-185 must also be dismissed.  Plaintiff has not set forth factual averments of any kind against Defendant Department of Welfare.  Instead, the Complaint consists of seven "facts", which appear to be only be  titles of documents.  Doc. No. 1.  (See ex. "(4) Memorandum of Understanding between Richard and Linda Bryan hand dated 1/9/12.

Don't even think about going after the dad I got it covered, I will defend the ignorance of the

Courts, school, families.  Did I say world-religions are involved.")  Plaintiff then "DEMAND(S)

FULL INVESTIGATION/DISCOVERY INTO THIS DOOPED AGENCY."  Doc. No. 1, 2.

This Court does not conduct independent investigation or order others to do so.  Therefore,

because there are no appropriate justiciable issues for this Court, the Complaint in 12-cv-185

must be dismissed and the CASE CLOSED.

The Complaint in 12-cv-186 must also be dismissed.  In this case, Plaintiff again states

that "WE ARE LOOKING FOR THE MURDERERS WORLD-WIDE Verbal/Physical."  Doc.

No. 1, 2 (capitalization original).  Plaintiff then sets forth five "facts."  Id.  Namely, that: (1)

Plaintiff pays federal taxes on alimony and the "MAN WHO LACKS UNDERSTANDING IS

PERMITTED TO WRITE IT OFF ON HIS TAXES.  BRING IT ON"; (2) Syria may have been

where taxation began; (3) Plaintiff did not pay taxes for the last two quarters of 2011 because she

did not have the funds; (4) Plaintiff demands an investigation of the IRS and a tax reform bill;

and (5) demands discovery of other issues "AS AN EXAMPLE FOR THE WORLD.  Bring it

on, Were (sic) on it, may the brain game begin."  Doc. No. 1, 2 (capitalizations original).  As in

Plaintiff's related cases, there is no subject matter jurisdiction in this case.  Plaintiff's only

demand seems to be that an investigation of the IRS be undertaken.  Doc. No. 1, 2.  Again, this is

not an appropriate matter for this Court.  Therefore, Plaintiff's Complaint will be dismissed and

the CASE CLOSED.

Furthermore, all three of Plaintiff's Complaints will be dismissed with prejudice because

leave to amend would be futile.  *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 236 (3d Cir.

2008).  Plaintiff's Complaints are not being dismissed because they simply fail to give sufficient

factual averments to support a claim, but rather, because Plaintiff asks this Court to: (1) (12-cv-

184) to review a Social Security is not final and therefore, the Court does not have jurisdiction; (2) (12-cv-185) to conduct an investigation of the Department of Public Welfare; and (3) (12-cv-186) to investigate the Internal Revenue Service. As previously stated, the Complaints completely fail to support any legal claim against any of the Defendants. Therefore, for the preceding reasons, the following Order of Court is entered.[2]

AND NOW, this 17th day of February 2012, IT IS HEREBY ORDERED that Plaintiff's Complaints in 12-cv-184, 12-cv-185, and 12-cv-186 are **DISMISSED WITH PREJUDICE**.

The Clerk of Courts shall mark these **CASES CLOSED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

Linda Bryan
3000 Swallow Hill Road
Apartment 344
Pittsburgh, PA 15220

---

[2] The Court is mindful of the United States Court of Appeals' instruction that district court should generally not dismiss complaints for lack of subject matter jurisdiction before service of process. See Fed.R.Civ.P. 12(h)(3), *Urbano v. Calissi*, 353 F.2d 196, 197 (3d Cir. 1965). However, the United States Court of Appeals for the Third Circuit has not held that a District Court's pre-service dismissal of a complaint invariably requires remand by the Court of Appeals. *See Gagliardi v. Standish*, 431 Fed. App'x 117(3d Cir. 2011) citing 28 U.S.C. § 2111.